IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LORI KIMBRO**  *Plaintiff* | § § § | |
| **v.** | § § | CAUSE NO. 4:24-CV-01991 |
| **BANK OF AMERICA, N.A.**  *Defendant* | § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Counsel for Lori Kimbro ("Plaintiff") and counsel for Bank of America, N.A. ("Defendant" or "BANA") conferred on Wednesday, September _11, 2024, by telephone.  Counsel Jason LeBoeuf participated of behalf of Plaintiff and counsel Matthew Durham participated on behalf of BANA.

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.    Briefly describe what this case is about.**

This is the third lawsuit filed by Plaintiff and/or her ex-husband, John M. Kimbro, Jr., to stop (or at least stall) the foreclosure of the real property located at 5417 Navarro Street, Houston, Texas.  *See John M. Kimbro, Jr. and Lori Lychelle Kimbro v. Bank of America, N.A.*, 4:19-cv-03283 in the U.S. District Court for the Southern District of Texas, and *John M. Kimbro Jr. v. Bank of America, N.A.*, 4:23-cv-03365 in the U.S. District Court for the Southern District of Texas.

In the instant case, Plaintiff asserts claims against BANA for: (**1**) breach of contract; (**2**) violation of the Truth in Lending Act; (**3**) common law fraud; (**4**) violation of the Texas Debt Collection Practices Act; (**5**) violation of the duty of cooperation/implied covenant of good faith and fair dealing; and (**6**) Plaintiff seeks declaratory and injunctive relief relating to the parties' rights relative to the home-mortgage loan.  (Dkt. 10, First Amended Complaint.)

       BANA's Motion to Dismiss remains pending. (Dkt. 12, Motion to Dismiss the First Amended Complaint.)

**4. Specify the allegation of federal jurisdiction.**

Defendant removed the case to this Court on May 24, 2024 on the basis of diversity jurisdiction. (Dkt. 1, Notice of Removal.)

Since removal, Plaintiff has asserted a federal claim against BANA under the Truth in Lending Act. (Dkt. 10, First Amended Complaint.)

**5. Name the parties who disagree and the reasons.**

The parties agree that this Court has jurisdiction over the case.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, the parties do not anticipate adding additional parties.

**7. List any anticipated interventions.**

At this time, the parties do not anticipate any interventions.

**8. Describe a class-action or collective-action issues.**

Not applicable.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will serve Initial Disclosures on or before October 31, 2024.

**10. Describe the proposed agreed discovery plan, including:**

    **A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

        If discovery is conducted in this case, Defendant anticipates moving for entry of a protective order.

        In addition, the parties do not anticipate any disputes concerning electronic discovery.

**B.** **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff intends on serving Defendant with interrogatories on or before December 31, 2024.

**C.** **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories as soon as reasonably practicable after resolution of its pending Motion to Dismiss, if the Court's determination on the Motion is not case determinative.

**D.** **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions pursuant to Rules 30(b)(6) and 30(b)(1) of the Federal Rules of Civil Procedure on or before April 30, 2025.

**E.** **Of whom and by when the defendant anticipates taking oral depositions.**

At this early stage, Defendant does not believe an oral deposition is necessary, but it reserves the right to take the oral deposition of Plaintiff after the resolution of the Motion to Dismiss, if the Court's determination on the Motion is not case determinative.

**F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate and provide the disclosures required by Rule 26(a)(2)(B) on or before February 28, 2025.

Defendant will designate and provide the disclosures required by Rule 26(a)(2)(B) on or before March 28, 2025.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Plaintiff anticipates possibly obtaining experts on BANA's mortgage-servicing practices. Plus, Plaintiff anticipates taking the expert depositions of any experts designated by Defendant within the time frame provide by the Federal Rules of Civil Procedure and the Court's scheduling order.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

In the event Plaintiff properly designated an expert witness, Defendant will depose him/her reasonably promptly after reviewing said expert's report.

    **I.**    **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Bank of America, N.A. is wholly owned by BAC North America Holding Company. BAC North America Holding Company is a direct, wholly owned subsidiary of NB Holdings Corporation. NB Holdings Corporation is a direct, wholly owned subsidiary of Bank of America Corporation. Bank of America Corporation is a publicly held company whose shares are traded on the New York Stock Exchange and has no parent corporation. Based on the U.S. Securities and Exchange Commission Rules regarding beneficial ownership, Berkshire Hathaway Inc., 3555 Farnam Street, Omaha, Nebraska 68131, beneficially owns greater than 10% of Bank of America Corporation's outstanding common stock.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Defendant believes that all discovery should be _stayed_ pending resolution of its Motion to Dismiss (Dkt. 12).

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None to date.

**13.**    **State the date the planned discovery can reasonably be completed.**

May 30, 2025.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff made an opening demand during the partes' September 11, 2024 conference. The parties will continue to negotiate amongst themselves (without a mediator) for the time being.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable suitable, and state when such a technique may be effectively used in this case.**

    In the event that its Motion to Dismiss (Dkt. 12) is not granted in full, and in the event the parties are not able to resolve this case in the short term amongst themselves, Defendant and Plaintiff believe that an in-person mediation with a mediator located in Houston, Texas would be the most effective ADR technique.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint disposition on a trial before a Magistrate Judge.**

    Defendant does not consent to a trial before a magistrate.

17. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made at this time.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate it will take approximately 32 hours to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    On June 28, 2024, Defendant filed its Motion to Dismiss the First Amended Complaint. (Dkt. 12, Motion to Dismiss)

20. **List other pending motions.**

    Aside from Defendant's Motion to Dismiss at Dkt. 12, there are no other pending motions.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

    Defendant believes limits on discovery should be addressed at the conference, including whether discovery should be stayed pending resolution of Defendant's Motion to Dismiss (Dkt. 12).

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    BANA has already filed its Corporate Disclosure Statement and Certificate of Interested Parties. (Dkt. 3.) Plaintiff anticipates filing hers by October 15, 2024.

**23.    List the names, bar numbers, addresses, tele. numbers, and e-mails of all counsel and unrepresented parties.**

See signature blocks on next page.

| | |
|---|---|
| Dated:  September 20, 2024 | Respectfully submitted,<br><br>*/s/ Matthew D. Durham*<br>**Matthew D. Durham**, SBN: 24040226<br>mdurham@mcguirewoods.com<br>**MCGUIREWOODS LLP**<br>2601 Olive Street, Suite 2100<br>Dallas, Texas 75201<br>Tele. 214.932.6400<br>Fax 214.932.6499<br><br>**ATTORNEY FOR DEFENDANT BANK OF AMERICA, N.A.**<br><br>--AND--<br><br>*/s/ Jason A. LeBoeuf*<br>**Jason A. LeBoeuf**<br>jason@leboeuflawfirm.com<br>675 Town Square Blvd., Suite 200<br>Building 1A<br>Garland, Texas 75040<br>Tele. 214.206.7423<br>Fax 214.730.5944<br><br>**ATTORNEY FOR PLAINTIFF** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 20, 2024 he filed a true and correct copy of the foregoing document with the clerk of the United States District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys registered for service in the Court's ECF system for this case.

*/s/ Matthew Durham*
**Matthew Durham**