Case 4:24-cv-01991   Document 19   Filed on 11/25/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LORI KIMBRO, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-01991 |
| § | |
| BANK OF AMERICA, N.A., § | |
|     Defendant. § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss the First Amended Complaint (Dkt. 12). After considering the motion, the response, the reply, and the applicable law, the Court **GRANTS** the motion and **DISMISSES** the case under Federal Rule of Civil Procedure 12(b)(6). [1]

This matter relates to a piece of property encumbered by a deed of trust securing repayment of a loan obtained by Plaintiff Lori Kimbro ("Lori") and her ex-husband John Kimbro ("John"). (Dkt. 12 at p. 8). "Pursuant to a divorce decree…, John deeded all of his interest" in the property to Lori, "subject to any indebtedness thereon." *Id*. The mortgage loan (the "Loan") then fell into default and BANA accelerated the balance of the Loan. *Id*. In the present case, Lori asserts five causes of action against BANA: breach of contract,

---

[1] "Although *res judicata* generally cannot be raised in a motion to dismiss and should instead be pleaded as an affirmative defense, dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (cleaned up). As such, dismissal under Rule 12(b)(6) is appropriate here. *See* (Dkt. 14 at pp. 2 – 4).

1 / 6

violation of the Truth in Lending Act, common law fraud, violations of the Texas Debt Collection Practices Act, and breach of the duty of cooperation. (Dkt. 10). Lori brought these claims against BANA in May of 2024. (Dkt. 1).

Lori previously brought similar claims against BANA in August of 2019, and Judge Hoyt dismissed the case in May of 2023—per Lori's request. (Dkt. 12-4); (Dkt. 12-1 at pp. 13 – 19); (Dkt. 12-2) ("I respectfully request an order for dismissal with prejudice be granted."). In August of 2023, John filed suit against BANA, bringing, among others, claims for breach of contract and violations of the Texas Debt Collection Act in relation to the Loan. (Dkt. 12-5 at p. 5 – 17). In November of 2023, Judge Rosenthal dismissed John's case with prejudice under Federal Rule of Procedure 12(b)(6). (Dkt. 12-6). Six months later, Lori brought the present case—the third lawsuit regarding the Loan. *See* (Dkt. 1).

BANA argues that the doctrine of *res judicata* precludes Lori from bringing the current lawsuit. (Dkt. 12). Specifically, BANA notes that both earlier lawsuits—Lori's August 2019 lawsuit and John's August 2023 lawsuit—rely on the same or similar factual allegations about the Loan. (*Id*. at p. 11). In response, Lori argues that her pending allegations are based on new facts about attorney's fees accumulated after her August 2019 lawsuit—and therefore *res judicata* does not apply. (Dkt. 14 at pp. 3 – 4). The Court disagrees and finds that the final adjudication on the merits rendered in John's August 2023 lawsuit precludes Lori's current case.

**A.     Res Judicata**

Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[W]hile federal law ultimately determines whether a federal judgment precludes a subsequent action or argument, when the basis of the original court's jurisdiction is diversity of citizenship, federal courts should apply the law of the forum state unless the state law is incompatible with federal interests." *American Home Assurance Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 271 n.20 (5th Cir. 2005). "Under Texas law, a party seeking to have an action dismissed on the basis of res judicata must establish the presence of three things: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quotation marks omitted). Here, all three elements are met as to the pending lawsuit.

i. *Prior Final Judgment*

Here, John's August 2023 lawsuit was dismissed with prejudice under Rule 12(b)(6) by Judge Rosenthal. (Dkt. 12-6). The judgement in this lawsuit was rendered by a court of competent jurisdiction and constitutes a final judgment on the merits. *See Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes ... [i]t is well established that Rule 12(b)(6) dismissals are made on the merits."). Accordingly,

the first requirement for *res judicata* to preclude a case is met by John's August 2023 lawsuit.

  *ii.*  *Privity*

The Court finds that Lori and John are in sufficient privity as a result of their shared interest in the Loan to satisfy the second element. The parties need not be identical for *res judicata* to preclude litigation; instead, the doctrine requires only that the parties be in privity. *Clyce v. Farley*, 836 Fed. Appx. 262, 269 (5th Cir. 2020). "Privity is merely another way of saying that there is sufficient identity between parties to prior and subsequent suits for res judicata to apply." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996).

Lori and John are co-borrowers on the Loan. (Dkt. 12 at p. 8). As such, Lori and John share a legal interest in the Loan—and are therefore in privity. *See Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772 (5th Cir. 2009) (finding that a wife and husband's vested ownership interest in property supports privity in the *res judicata* context); *Weston v. Chase Mortg. Corp.*, No. H-14-1604, 2014 U.S. Dist. LEXIS 111532 (S.D. Tex. Aug. 12, 2014) (finding that a wife and husband who are co-borrowers on a mortgage are in privity for *res judicata* purposes); *Nguyen v. Bank of Am., N.A.*, No. 4:16-CV-1523, 2017 U.S. Dist. LEXIS 117637, *5 (S.D. Tex. July 26, 2017) ("The additional Plaintiff here…is a co-

borrower and is Nguyen's wife. Therefore, she is in privity with Nguyen."). Accordingly, this requirement for *res judicata* to apply is met by Lori and John.

### iii.  Same Claims

Finally, the Court finds that the final requirement for *res judicata* is satisfied because all of Lori's present claims could have been brought in John's August 2023 lawsuit. "[T]his court has adopted the transactional test to determine whether two cases involve the same claim." *Lewis-Watson v. Wormuth*, No. 23-50538, 2024 U.S. App. LEXIS 1759, at *4 (5th Cir. Jan. 25, 2024). "The transactional test focuses on whether the two cases are based on the same nucleus of operative facts." *Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016). Under the transactional approach, "a prior judgment bars a second suit 'not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'" *Pimpanit v. Phumswarng, Inc.*, No. 21-20289, 2022 U.S. App. LEXIS 7678 (5th Cir. Mar. 23, 2022) (quoting *Harmon v. Dallas County*, 927 F.3d 884, 890 (5th Cir. 2019)).

It is "undisputed that [John's August 2023 lawsuit] involved the same mortgage loan and the same property that are at issue here." (Dkt. 15 at p. 2). John's August 2023 lawsuit was filed after the alleged improper addition of attorney's fees to the Loan, and the entirety of Lori's allegations in the present case could have been brought in John's previous lawsuit. *Id.*; *see* (Dkt. 10). Accordingly, the Court finds that John's August 2023 lawsuit

and Lori's pending lawsuit arise out of the same nucleus of operative facts. The final requirement to bar the current case under *res judicata* is met.

Accordingly, Lori's lawsuit is barred by *res judicata*, and BANA's motion (Dkt. 12) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter is **DISMISSED** with prejudice, and final judgment is to follow.

SIGNED at Houston, Texas on November 25, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE